JOHN P. WAGNER ET AL. v. NORVEL LEWIS.

FILED NOVEMBER 21, 1893. No. 5285.

Vendor and Vendee: FRAUD AND MISREPRESENTATIONS: RESCISSION OF CONTRACT: EQUITY. One L. sold his farm for $4,000 in notes of third persons, the purchaser to assume an incumbrance on the farm for about $2,500. The plaintiff charged that the purchaser of the farm had made representations that the notes were good and that he relied upon the same, which representations were untrue. The notes proving to be nearly worthless, the vendor of the farm tendered them back and asked for a rescission, and that the title of the farm be reconveyed and quieted in him. The court below having found in his favor, *held*, that the judgment was right, and is affirmed.

ERROR from the district court of Gage county.    Tried below before BROADY, J.

The opinion contains a statement of the case.

*Griggs, Rinaker & Bibb,* for plaintiffs in error :

Fraud is never presumed, but must be proved by the party asserting it, by a fair preponderance of evidence (*Miller v. Finn,* 1 Neb., 288 ; *Clark v. Tennant,* 5 Neb., 557 ; *Missouri Valley Land Co. v. Bushnell,* 11 Neb., 197 ; *Clemens v. Brillhart,* 17 Neb., 337 ; *Western Ins. Co. v. Putnam,* 20 Neb., 334), and the degree of proof necessary to establish it is the same in equity as in law. (*Tootle v. Dunn,* 6 Neb., 93 ; *Ford v. Chambers,* 19 Cal., 143 ; *Mc-Conihe v. Sawyer,* 12 N. H., 399 ; *Watkins v. Wallace,* 19 Mich., 57.)

The presumption of law is that the business transactions of every man are done in good faith, and for an honest purpose, and any one who alleges that such acts are done in bad faith or for a dishonest purpose, takes upon himself the burden of showing, by specific acts and circumstances tending to show fraud, that such acts were done in bad faith. (*Ahlman v. Meyer,* 19 Neb., 66.)

While the law abhors fraud, it is also unwilling to impute it on slight and trivial evidence, and thereby cast an unjust reproach upon the character of parties. (*Blow v. Gage,* 44 Ill., 208.)

Such an imputation is grave in its character, and can only be sustained on satisfactory proof. If the evidence is so conflicting that no conclusion can be reached, the transaction must be sustained upon the principle that the burden of proof is upon the party who assails it; and if he does not more than create an equilibrium, he fails to make out his case. (*Kaine v. Weigley,* 22 Pa. St., 179 ; *Bodine v. Simmons,* 38 Mich., 682.)

Mere suspicion leading to no certain results is not suf-

ficient. A legal title will not be divested upon mere conjectures, or evidence loose and indeterminate in its character. (*Waterman v. Donalson*, 43 Ill., 29; *Darling v. Hurst*, 39 Mich., 765.)

As an allegation of fraud is against the presumption of honesty, it requires stronger proof than if no such presumption existed. (*White v. Bettis*, 9 Heisk. [Tenn.], 645.)

The character of a transaction is not dependent on the peculiar notions of the judge as to what will constitute good or ill faith. (Bump, Fraud. Con., ch. 23; *Wilson v. Lott*, 5 Fla., 305; *Hempstead v. Johnston*, 18 Ark., 123.)

*F. B. Sheldon* and *Hardy & Wasson, contra:*

In cases tried to the court without a jury a finding on questions of fact is entitled to the same respect in the supreme court as would be accorded to the verdict of a jury under like circumstances. (*Cheney v. Eberhardt*, 8 Neb., 423; *McLaughlin v. Sandusky*, 17 Neb., 112.)

Such unconscionableness and inadequacy in bargain as shock conscience may in equity amount to decisive evidence of fraud. (*Burch v. Smith*, 15 Tex., 219; *Rea v. Missouri*, 17 Wall. [U. S.], 532; *Farmer v. Calvert*, 44 Ind., 209; *Densmore v. Tomer*, 11 Neb., 118.)

Parties about to perpetrate fraud are usually very careful to provide that there shall not be any positive evidence of its commission, and evidence of fraud is not required to be direct and positive, but may be, and in most cases is, proved by circumstantial or presumptive evidence. (*McDaniel v. Baca*, 2 Cal., 326; *Greer v. Caldwell*, 14 Ga., 207; *Strauss v. Kranert*, 56 Ill., 254; *Juzan v. Toulmin*, 9 Ala., 662; *Thomas v. Rembert*, 63 Ala., 561; *Billings v. Billings*, 2 Cal., 107; *Faulkner v. Klamp*, 16 Neb., 175.)

Maxwell, C. J.

This petition is in equity and sets forth that on March 2, 1891, the plaintiff below was the owner of the southeast quar-

ter of section 32, township 4, range 7, in Gage county, Ne-
braska, of the value of $6,000; that said land was incum-
bered in the sum of about $2,500; that on or about March 1,
1891, the defendant John P. Wagner offered to purchase said
land from plaintiff, and in payment therefor to assume the
incumbrance, except the accrued interest to March 1, 1891,
and to give the plaintiff in addition the sum of $4,000 in
good notes, which he represented that he then had and
owned, which offer the plaintiff then and there accepted;
that on or about the 2d day of March, 1891, the defendant
John P. Wagner gave plaintiff a large number of notes,
ranging in amounts from $10 to $444.48; that the said
John P. Wagner represented to plaintiff that said notes
amounted to more than $4,000, and that all were good and
collectible, and plaintiff, relying on said representations, and
knowing nothing of the value of said notes other than the
representations of the defendant, took said notes and exe-
cuted and delivered to said Wagner a deed of the premises,
subject to the said incumbrance; that after Wagner had
selected said notes and made the representations concerning
them, he fraudulently, and without the knowledge and
consent of plaintiff, removed a number of said notes and
inserted in their place other notes of no value whatever;
that plaintiff did not know of the changing of said notes
until after the deed had been executed and delivered, and
does not know the number of notes so changed; that the notes
delivered to plaintiff by Wagner were not good and collecti-
ble, but were worthless and uncollectible, and of no value
whatever, and a large number of the same were barred by
the statute of limitations; that all the said representations
made by said Wagner were false and untrue, and were
made for the purpose of defrauding this plaintiff out of
said premises; that on March 5, 1891, plaintiff tendered
said notes back and requested Wagner to reconvey said
premises to plaintiff, which he refused to do; that defend-
ant Nettie D. Wagner is the wife of the defendant John

P. Wagner. Plaintiff therefore prays that defendants be required to reconvey said premises to plaintiff, and that the deed to defendant Wagner be annulled and declared fraudulent and void; that the title to said premises may be quieted and confirmed in the plaintiff.

The defendants' answer admits that plaintiff was the owner of the premises described in the petition; that the same were incumbered as alleged; that the defendant John P. Wagner agreed to purchase said land and in payment thereof to assume all of said indebtedness, and did assume the same, and that plaintiff executed and delivered to said John P. Wagner a deed for said premises, subject to said incumbrance; that in addition to assuming the said indebtedness aforesaid the defendant agreed to give the plaintiff $4,000 in notes, which notes were by defendant John P. Wagner shown to said plaintiff, together with a large number of other notes aggregating the sum of about $11,000, out of which plaintiff was allowed to select the sum of $4,000 in notes, which the plaintiff then and there agreed to accept as payment for said farm; denies that John P. Wagner represented that the notes amounted to more than $4,000, and that all of said notes were good and collectible, and denies that plaintiff relied upon any representations made by said defendant, but alleges the fact to be that the said plaintiff himself selected the said notes from the said $11,000 worth of notes, and plaintiff took the same upon his own judgment and after due consideration; and defendants deny that, after plaintiff had selected the said $4,000 worth of notes, the defendant John P. Wagner removed a number of the said notes and inserted in their place other notes of no value whatever; and defendants deny all allegation of fraud in said petition contained, and each and every allegation in said petition contained not specifically admitted or denied. Whereupon defendants ask that plaintiff's action be dismissed.

To this answer the plaintiff in reply filed a general de-

nial, and upon the issues thus made up the case was tried to the court, which found generally for the plaintiff, that all the material allegations set forth in plaintiff's petition are true; that the defendant John P. Wagner obtained the deed of conveyance mentioned in the petition from the plaintiff by fraud and false representations and without consideration. A motion for a new trial was duly filed and overruled, and judgment rendered upon the findings. The defendants bring the case to this court upon error.

A number of assignments of error are relied upon for a reversal of the judgment, great reliance being placed on certain technical points which do not affect the real merits of the controversy. Stripped of all needless verbiage, the case made by the proof is this: Lewis sold his farm to Wagner, who was to assume the incumbrances, except interest to March 1, 1891, and was to give him $4,000 in notes. Now, were these to be collectible notes or the notes of insolvent makers, or barred by the statute of limitations? The farm seems to have been worth the price agreed to be paid for it. Why, then, should the seller accept worthless paper in payment of the same. It is true he may have done so, but it will require very clear proof that he did, and that the record does not furnish. In our view, the proof, although somewhat conflicting, shows that Lewis was to have $4,000 in good notes, and as he did not receive such, but relied upon the representations of Wagner to accept those that were worthless in their stead, he is entitled to a rescission of the contract. The judgment is therefore

AFFIRMED.